IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES WINDING                                                             PLAINTIFF

VS.                                              CIVIL ACTION NO. 4:12cv14-FKB

R. JACKSON, et al.                                          DEFENDANTS

## MEMORANDUM & OPINION

James Winding is a state prisoner incarcerated at East Mississippi Correctional Facility (EMCF). He brought this action pursuant to § 1983 alleging that on January 19, 2012, a prison officer allowed two gang members to attack him in her office. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned.

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions. 42 U.S.C. § 1997(e). The PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In his testimony at the *Spears* hearing, Plaintiff admitted that he has failed to complete EMCF's Administrative Remedies Program (ARP) process for this claim. He stated that although he has filed an ARP grievance based upon this incident, that grievance remains in "backlog" because of the number of pending grievances filed by him.

Dismissal is appropriate where an inmate has failed to meet the exhaustion requirement. *Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003). For this

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

reason, this action is dismissed without prejudice so that Plaintiff may complete the prison's administrative process for this claim. A separate judgment will be entered.

SO ORDERED this the 5th day of June, 2012.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE